IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

ERNEST TREVINO,

        Defendant.
_____/

CR. NO. S-89-0150 EJG

ORDER DENYING PETITION FOR WRIT OF AUDITA QUERELA

Defendant, a federal prisoner proceeding pro se, has filed a petition for a writ of audita querela through which he seeks to vacate his sentence and set aside his convictions. After reviewing the records of this case, and for the reasons that follow, the petition is DENIED.

## BACKGROUND[1]

Defendant was convicted January 22, 1990, pursuant to a jury verdict, of one count of conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846, and one count

---

[1] The court has taken judicial notice of the dockets of this case in the District Court and the Ninth Circuit, including court records available to the public through the internet.

1

of aiding and abetting the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a term of 375 months imprisonment and five years supervised release. Defendant has been in custody since March 23, 1989, more than 20 years, and has spent most of his period of incarceration unsuccessfully attacking his conviction. However, his lack of success has not been for want of diligence. In addition to a direct appeal, defendant has spanned the gamut of post-conviction remedies; the instant petition for writ of audita querela is but the latest in his series of attempts to set aside his convictions and sentence.

Defendant's direct appeal on grounds of insufficiency of the evidence and ineffective assistance of counsel was rejected by the Ninth Circuit in a memorandum opinion filed December 16, 1991. United States v. Grobman & Trevino, Nos. 90-10292, 90-10529, 1991 WL 268693 (9th Cir. 1991). In its decision affirming the convictions, the appellate court described in detail defendant's connection to "the largest methamphetamine laboratory ever discovered in Sacramento." Id.

Undeterred, defendant began a series of collateral attacks on his convictions and sentence shortly thereafter. An initial motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was filed August 24, 1992. Following its denial by the district court, and subsequent denial of a certificate of appealability by the district and appellate courts, defendant

filed a second § 2255 motion on January 28, 2000. The district court transferred this as a successive petition to the Ninth Circuit, which declined to hear it. A third § 2255 motion filed October 6, 2004 suffered the same fate at the hands of both the district and appellate courts.

Next up, defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582, which was denied by both the undersigned, on April 14, 2005, and the Ninth Circuit, on July 27, 2006. Thereafter, on October 28, 2005, defendant changed not only procedural vehicles, but venues as well, and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming the warden of the federal prison in which he was incarcerated as respondent. Trevino v. Schultz, CV. NO. F-05-1364 OWW/TAG. This motion was filed in the Fresno division of this district and alleged as its basis the identical arguments defendant makes in the instant petition for writ of audita querela.[2] The petition was denied by the district court in an order filed June 8, 2007. Trevino v. Schultz, 2007 WL 1686997 (E.D. Cal., 2007). Defendant's request for a certificate of appealability was denied by the Ninth Circuit May 5, 2008.

///
///

---

[2] Specifically, defendant asserts that an intervening judicial decision from 2005 involves a judicial interpretation of the federal drug trafficking statutes which makes him innocent of the crimes for which he is incarcerated.

3

DISCUSSION

From this vantage point, having reviewed defendant's extensive post-conviction filings, it is clear that the instant petition for writ of audita querela filed April 3, 2009, although given a different title, is but another weapon in defendant's varied arsenal utilized in his on-going collateral attack and vain attempt to set aside his convictions and sentence. The petition fails both procedurally, and on the merits.

A. Writ of Audita Querela

"[A] federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255." United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001). Defendant's motion, no matter how it is labeled, challenges his convictions and seeks to vacate his sentence. The only vehicle for doing so given the post-conviction procedural posture of the case is through a section 2255 proceeding. The fact that defendant's several requests for relief under that statute have been previously denied does not allow him access to other avenues of post-conviction relief. Common law writs such as *coram nobis* and *audita querela* are available only to fill gaps in the federal post-conviction remedial framework. Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997). The procedural limitations of time (one year from date of conviction) and quantity (no successive petitions without circuit court approval) imposed by Congress and the

4

Supreme Court on defendants seeking to challenge convictions by way of section 2255 motions do not create a gap that can be filled by resort to legal means. "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs." Valdez-Pacheco, 237 F.3d at 1080. In other words, section 2255 is not an inadequate remedy merely because it procedurally bars defendant's claim.

B. <u>Merits of defendant's claim</u>

Even if this were a legitimate procedural vehicle for the court to consider defendant's claim, it would fail. In his petition for a writ of audita querela defendant argues that under recent caselaw he is innocent of the crime for which he was convicted. His argument, simply stated, is that one whose role is merely a seller of precursor chemicals necessary to manufacture a controlled substance, cannot be a member of a conspiracy with the buyers of that chemical to manufacture and distribute the controlled substance. In support he cites a case from this district in which the court so held. <u>United States v. Valdez-Santos</u>, 370 F.Supp.2d 1051 (E.D. Cal. 2005).

However, defendant's argument, no matter how he attempts to analogize his situation to that of the defendant in <u>Valdez-Santos</u>, is neither factually nor legally tenable. As the Ninth Circuit noted in its 1991 affirmance of defendant's convictions,

numerous evidence existed to find that defendant was more than a supplier of precursor chemicals. <u>United States v. Grobman</u>, 1991 WL 268693 * 3 (9th Cir., filed December 16, 1991). Defendant's attempts to separate himself from these facts is unavailing. Also disingenuous is his attempt to raise anew a legal argument already rejected by another judge within this district. As Judge Wanger noted in his rejection of defendant's § 2241 petition, "petitioner's contention that a post-conviction interpretation of a statute precludes his convictions . . . is based on a misreading of <u>United States v. Valdez-Santos</u>. . . . [He] cannot make a claim of 'actual innocence' because the Ninth Circuit ruled on direct appeal that the evidence presented to the jury was sufficient to sustain his convictions. Nothing in <u>Valdez-Santos</u> can change that conclusion." <u>Trevino v. Schultz</u>, 2007 WL 1686997 3 (E.D. Cal., filed June 8, 2007).

## CONCLUSION

Based on the foregoing, defendant's petition for a writ of audita querela is DENIED.

IT IS SO ORDERED.

Dated: April 20, 2009

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

6